|  |  |
|---|---|
| TAWONNA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>KADIANT LLC,<br><br>    Defendant. | No. 2:24-cv-01372-DC-CKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT<br><br>(Doc. No. 12) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on Plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 12.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 16.) For the reasons explained below, the court will grant Plaintiff's motion to remand.

**BACKGROUND**

On May 16, 2023, Plaintiff Tawonna Johnson filed two separate complaints against Defendant Kadiant LLC in Sacramento County Superior Court: a class action complaint for violations of the California Labor Code and California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* ("UCL"), and a complaint for enforcement under the California Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA"). (Doc. No. 1 at 6.) Plaintiff's class action complaint asserts ten causes of action: (1) failure to pay overtime wages in violation of California Labor Code §§ 510, 1198; (2) failure to provide meal

1

1  periods in violation of §§ 226.7, 512; (3) failure to provide rest periods in violation of §§ 226.7;
2  (4) failure to pay minimum wages in violation of §§ 1194, 1197, 1197.1; (5) failure to timely pay
3  wages upon termination of employees in violation of §§ 201, 202; (6) failure to timely pay wages
4  during employment in violation of § 204; (7) failure to provide complete and accurate wage
5  statements in violation of § 226(a); (8) failure to keep complete and accurate payroll records in
6  violation of §1174(d); (9) failure to reimburse business-related expenses in violation of §§ 2800,
7  2802; and (10) unfair competition in violation of the UCL. (Doc. No. 1-1 at 12–22.) Plaintiff's
8  PAGA complaint asserts a single cause of action for civil penalties predicated on the California
9  Labor Code violations alleged in her class action complaint. (Doc. No. 1-2 at 10–13.) Both
10 complaints allege Plaintiff resides in California and Defendant is a citizen of California. (Doc.
11 Nos. 1-1 at ¶¶ 3, 5; 1-2 at ¶¶ 3, 5.)

12 On April 16, 2024, Plaintiff agreed to stipulate to the consolidation of her class action and
13 PAGA action at Defendant's request. (Doc. No. 12-1 at ¶ 10.) Consequently, on May 3, 2024, the
14 state superior court ordered the actions consolidated. (Doc. No. 1-7.) Shortly thereafter, on May
15 13, 2024, Defendant filed a notice of removal asserting this federal court has original jurisdiction
16 over the consolidated action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §
17 1332(d). (Doc. No. 1.) In support of its notice of removal, Defendant submitted a declaration
18 from its vice president for human resources and payroll, David Herbst, in which Mr. Herbst states
19 that Defendant "Kadiant is formed under the laws of the State of Delaware" and "Kadiant's sole
20 member is a citizen of New Jersey," residing at an address in New Jersey "since prior to the filing
21 of this action on May 16, 2023." (Doc. No. 1-11 at ¶¶ 3, 4.)

22 On June 12, 2024, Plaintiff filed the pending motion to remand this action back to the
23 Sacramento County Superior Court. (Doc. No. 12.) On June 26, 2024, Defendant filed an
24 opposition to the pending motion. (Doc. No. 13.) On July 5, 2024, Plaintiff filed her reply thereto.
25 (Doc. No. 14.)

26                                    **LEGAL STANDARD**

27 A defendant may remove to a federal district court "any civil action brought in a state
28 court of which the district courts of the United States have original jurisdiction." 28 U.S.C.

1  § 1441(a). Under CAFA, federal district courts have original jurisdiction over class actions in
2  which there are at least 100 class members, any plaintiff is diverse in citizenship from any
3  defendant, and the amount in controversy exceeds $5 million, notwithstanding interest and costs.
4  28 U.S.C. § 1332(d). Congress intended CAFA, which was enacted "specifically to permit
5  defendants to remove certain class actions or mass actions into federal court," to be interpreted
6  "expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Although
7  removal statutes are generally to be strictly construed against removal, *Gaus v. Miles, Inc.*, 980
8  F.2d 564, 566 (9th Cir. 1992), "no antiremoval presumption attends cases invoking CAFA." *Dart*
9  *Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nonetheless, "the burden of
10 establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."
11 *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

12     A defendant's notice of removal must contain "a short and plain statement of the grounds
13 of removal," but "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 83–84.
14 A plaintiff may seek remand of a case that has been removed to federal court by "making either a
15 'facial' or 'factual' attack on the defendant's jurisdictional allegations in the notice of removal."
16 *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers*,
17 974 F.3d 959, 964 (9th Cir. 2020)). "A facial attack accepts the truth of the defendant's
18 allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* In
19 contrast, "a factual attack contests the truth of the allegations themselves," usually by introducing
20 evidence outside of the pleadings. *Id.* When a plaintiff mounts a factual attack, the defendant
21 must support their jurisdictional allegations with "'competent proof . . . under the same
22 evidentiary standard that governs in the summary judgment context." *Salter*, 974 F.3d at 964
23 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Defendant bears the burden of
24 showing by a preponderance of the evidence that CAFA's jurisdictional requirements are
25 satisfied. *See Harris*, 980 F.3d at 699.

26                                **ANALYSIS**

27     Plaintiff's motion to remand presents three principal arguments: (1) Defendant has failed
28 to establish minimal diversity; (2) Defendant has failed to prove the amount in controversy

exceeds $5 million, and (3) Defendant has failed to demonstrate that removal was timely. (Doc. No. 12.) Because the court finds remand appropriate due to Defendant's failure to establish minimal diversity, the court will not address Plaintiff's remaining arguments.

**A.      Minimal Diversity Standard**

CAFA requires only minimal diversity between parties. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* "In the [CAFA] removal context, the Court must evaluate whether the parties' citizenship was sufficiently diverse . . . both when the case is first filed and when the case is removed." *Gau v. Hillstone Rest. Grp., Inc.*, No. 20-cv-08250-SVK, 2021 WL 754536, at *1 (N.D. Cal. Feb. 26, 2021) (citing *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)). "Where parties are not diverse at the time of filing, a post-filing change in citizenship cannot cure the original defect in diversity jurisdiction." *Sanchez v. Ameriflight, LLC*, 724 F. App'x 524, 525–26 (9th Cir. 2018) (holding that a defendant's change in citizenship after the operative complaint was filed did not render parties minimally diverse under CAFA).[1]

For the purposes of determining diversity jurisdiction, an individual person is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A limited liability company ("LLC") is typically treated as a partnership and deemed to be a citizen of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, for CAFA purposes, an "unincorporated association" is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A principal place of business refers to the place where a company's "officers direct, control, and coordinate the [company's] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 91–92 (2010).

The Ninth Circuit has not explicitly addressed whether an LLC is an "unincorporated association" under CAFA, but most courts that have considered the issue have concluded that 28

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  U.S.C. § 1332(d)(10) applies to all types of non-corporate business entities, including LLCs. *See*
2  *e.g.*, *City of E. St. Louis, Ill. v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (citing to
3  § 1332(d)(10) to hold that an LLC's citizenship in a CAFA case "is treated like a corporation
4  under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the
5  state of its organization, and the investors' citizenship ignored."); *Ferrell v. Express Check*
6  *Advance of S.C. LLC*, 591 F.3d 698, 700–05 (4th Cir. 2010) (engaging in a statutory analysis of
7  § 1332(d)(10) and concluding that "unincorporated associations" include LLCs); *Siloam Springs*
8  *Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("noting that
9  Congress has indeed prescribed a different rule as to unincorporated associations for purposes of
10 [CAFA]" when discussing the citizenship of LLCs); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715
11 (N.D. Cal. 2021) (treating an LLC as an unincorporated association under CAFA); *Marroquin v.*
12 *Wells Fargo, LLC*, No. 11-cv-00163-L-BLM, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011)
13 (same).[2] Moreover, applying the traditional diversity rule to LLCs "would likely undermine
14 Congress's intent 'to facilitate adjudication of certain class actions in federal court' by excluding
15 from federal adjudication the vast majority of class actions brought against LLCs." *Ramirez v.*
16 *Carefusion Res., LLC*, No. 18-cv-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5,
17 2019) (quoting *Dart Cherokee*, 574 U.S. at 89). Accordingly, this court joins the majority of
18 courts that have addressed the issue and likewise concludes that an LLC is an "unincorporated
19 association" for CAFA purposes.

20 **B.     Defendant's Citizenship**

21       The parties agree that Plaintiff is a citizen of California but disagree as to Defendant's
22 citizenship.[3] As an LLC, Defendant is an "unincorporated association" under CAFA deemed to be

---

[2] The Ninth Circuit has acknowledged that CAFA "departs from the rule that. . . 'a limited *partnership's* [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members," suggesting that it would reach the same conclusion for LLCs. *Abrego*, 443 F.3d at 684 (quoting *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004)) (emphasis added); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, & n.13 (9th Cir. 2009) (Kleinfeld, J., concurring) (treating a limited partnership as an "unincorporated association" under CAFA).

[3] Defendant does not allege it is diverse from any other member of the putative class besides Plaintiff. (*See* Doc. Nos. 1, 13.)

1  a citizen of (1) the state under whose laws it is organized, and (2) the state where it maintains its
2  principal place of business. *See* 28 U.S.C. § 1332(d)(10). Defendant's notice of removal alleges
3  that it is organized in Delaware, an allegation that Plaintiff does not challenge. (Doc. Nos. 1 at 8–
4  9; 12 at 17.) The parties dispute, however, the state of Defendant's principal place of business.
5  (Doc. Nos. 12 at 17; 13 at 15.)

6  Defendant's notice of removal alleges that "[a]t the time the Class Action and PAGA
7  Actions were filed, and at all times since, [it] has been a citizen of a state other than California."
8  (Doc. No. 1 at 8–9.) Specifically, Defendant alleges that its principal place of business is in New
9  Jersey. (*Id.* at 9.) To support this allegation Defendant cites the declaration of Mr. Herbst, but Mr.
10 Herbst merely states that "Kadiant's sole member is a citizen of New Jersey . . . and has been so
11 since prior to the filing of this action on May 16, 2023." (Doc. No. 1-11 at ¶¶ 3, 4.)

12 In her motion to remand, Plaintiff mounts a factual attack against Defendant's assertion
13 that its principal place of business was in New Jersey and was therefore diverse from Plaintiff at
14 the time the action was filed. (Doc. No. 12 at 7.) Plaintiff contends that when she filed this action
15 in state court on May 16, 2023, Defendant's principal place of business was in California. (*Id.*) To
16 support this contention, Plaintiff attaches as exhibits to her motion two Statements of Information
17 filed with the California Secretary of State. The first, dated September 15, 2022, lists California
18 addresses for Defendant's "principal office" and "mailing address." (Doc. No. 12-1 at 30.) The
19 second, dated February 20, 2024, well after Plaintiff filed her complaints and a few months before
20 Defendant filed its notice of removal on May 13, 2024, lists New Jersey addresses for
21 Defendant's "principal office" and "mailing address." (*Id.* at 33.) Defendant's opposition to the
22 pending motion does not refute Plaintiff's contention that minimal diversity did not exist at the
23 time of filing. (Doc. No. 13 at 14–15.) Instead, Defendant reiterates that its "principal place of
24 business is in New Jersey because [its] sole member has been a citizen of [] New Jersey since
25 prior to the filing of this action." (*Id.* at 15.)

26 Defendant's assertion as to its principal place of business is insufficient to establish
27 minimal diversity for two reasons. First, Defendant misconstrues how a company's principal
28 place of business is determined. Defendant's principal place of business is where its "officers

6

1 direct, control, and coordinate the [company's] activities," not where its members are citizens.
2 *See Hertz Corp.*, 559 U.S. at 91–92. As Plaintiff points out, Defendant does not allege that its sole
3 member has ever directed, controlled, or coordinated the company's activities from New Jersey.
4 (*See* Doc. No. 1-11 at ¶ 4.) Second, Defendant has failed to demonstrate it maintained its
5 principal place of business in New Jersey when this action was initially filed on May 16, 2023. In
6 both its notice of removal and opposition, Defendant relies exclusively on the declaration of Mr.
7 Herbst to support its citizenship allegations. (Doc. Nos. 1 at 8–9; 13 at 14–15.) Notably, however,
8 Mr. Herbst states only that Defendant's sole member has been a citizen of New Jersey since prior
9 to the filing of this action, not that Defendant's principal place of business has been in New
10 Jersey since prior to the filing of this action. (Doc. No. 1-11 at ¶ 4.) Indeed, the public records put
11 forth by Plaintiff suggest otherwise, listing California addresses for both Defendant's "principal
12 office" and "mailing address" at the time this action was filed in state superior court. (Doc. No.
13 12-1 at 30, 33); *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (when
14 resolving a factual attack on jurisdiction, the "court may review evidence beyond the complaint"
15 and "need not presume the truthfulness of the removing parties' allegations").[4] Although
16 Defendant updated its Statement of Information with the California Secretary of State to list New
17 Jersey addresses prior to removal, Defendant's post-complaint relocation cannot serve as the basis
18 for establishing minimal diversity under CAFA. (Doc. No. 12-1 at 33); *see Sanchez*, 724 F. App'x
19 at 525. For these reasons, the court finds that Defendant has not supported its minimal diversity
20 allegations with "competent proof." *See Salter*, 974 F.3d at 964.
21      Based on the foregoing, the court concludes that Defendant has not met its burden to
22 establish minimal diversity by a preponderance of the evidence. *See Harris*, 980 F.3d at 699.
23 Defendant's failure to establish minimal diversity is fatal to its assertion of federal jurisdiction
24 under CAFA. Therefore, the court will grant Plaintiff's motion to remand.

25 **CONCLUSION**

26      For the reasons explained above,

---

[4] The court also notes that Defendant represented it is a citizen of California on the civil cover sheet submitted with its notice of removal. (Doc. No. 1-9.)

7

1. Plaintiff's motion to remand this action (Doc. No. 12) is granted;
2. This action is remanded to the Sacramento County Superior Court for all further proceedings; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 29, 2024**

_____
Dena Coggins
United States District Judge